**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Watson Communication Systems, Inc.,   )<br>                                                              )<br>            Plaintiff,                            )<br>                                                              )<br>vs.                                                        )<br>                                                              )<br>Thomas D. Adamson and Kathleen J.)<br>Adamson,                                          )<br>                                                              )<br>            Defendants.                      )<br>_____)  | No. CV-11-1114-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 13). For the reasons stated below, the motion is denied.

**BACKGROUND**

In November of 2005, Defendants borrowed $1,400,000 from non-party Bank of America to develop a single-family residence on property they owned at 11637 East Cochise Drive, Scottsdale, Arizona ("the Property"). The Property is located in Lot C-7 of a development named Mirage Crossing. Defendants additionally owned Lot C-8 and Lot C-9 in Mirage Crossing. In February of 2007, Defendants borrowed $1,500,000 from Plaintiffs in order to continue to build a house on Lot C-7. They executed a promissory note to Plaintiff and secured it with two deeds of trust encumbering the undeveloped lots at C-8 and C-9. In December of 2007, Plaintiff released the deed of trust on Lot C-9 and substituted Lot C-7 as collateral. In July of 2008, Plaintiff and Defendants executed a deed of trust for Lot

1    C-7, in which Plaintiff's interest was junior to Bank of America's.

2          Defendants went into default on their loan from Plaintiff in late 2008. In June of 2009, 3 they conveyed Lot C-8 in partial fulfilment of their obligation in lieu of foreclosure, and 4 Plaintiff credited Defendants' debt by $578,289.60. At some point, they also went into 5 default on their loan from Bank of America, which foreclosed on Lot C-7 in August of 2010, 6 leaving Plaintiff unsecured for the remaining debt on the note. Plaintiff now sues for the 7 remaining value of the debt, and Defendants claim that Arizona's anti-deficiency statutes bar 8 recovery.

## DISCUSSION

10   **1.   Legal Standard**

11         To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil 12 Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right 13 to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). 14 The task in a motion to dismiss "is to evaluate whether the claims alleged can be [plausibly] 15 asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see* 16 *also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When analyzing a Rule 12(b)(6) 17 motion, all plausible "allegations of material fact are taken as true and construed in the light 18 most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 19 1996). However, legal conclusions couched as factual allegations are not given a 20 presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences 21 are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 22 1998). Alternatively, dismissal may be appropriate when the plaintiff has included sufficient 23 allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of* 24 *L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a 25 decision one way, that is as good as if depositions and other . . . evidence on summary 26 judgment establishes the identical facts.").

## 2.     Analysis

In Arizona, two statutes protect borrowers from lenders seeking to collect debt that remains outstanding after foreclosure. When a loan is secured by a purchase-money mortgage, the homeowner is protected from those seeking deficiencies by Ariz. Rev. Stat. ("A.R.S.") § 33-729 (2007). When land is secured by a deed of trust, whether or not the loan was used to purchase the property, the homeowner is protected from those seeking deficiency judgments by A.R.S. § 33-814 (2007). If the beneficiary of a deed of trust so chooses, it may "elect to waive the security and sue directly on the promissory note." *Wells Fargo Credit Corp. v. Tolliver*, 183 Ariz. 343, 345, 902 P.2d 1101, 1103 (App. Div. 1995). Should the beneficiary of a deed of trust choose to waive its security and sue directly on the note, "the provisions of [A.R.S. § 33-729] apply." A.R.S. § 33-814. Those provisions limit the scope of anti-deficiency protection to loans used to "secure the payment of the balance of the purchase price.". A.R.S. § 33-729(A). Therefore, when a creditor forgoes its security and sues on the note, the protection afforded to non-purchase money borrowers secured by a deed of trust vanishes. As the Arizona Supreme Court has noted, "[t]he conflict" between the deed of trust statute and the mortgage statute "is more apparent than real" because the protection offered to non-purchase-money obligations under the deed of trust statute is not available when a creditor sues on the note. *Baker v. Gardner*, 160 Ariz. 98, 106, 770 P.2d 766, 774 (1988).

When a single property is encumbered by two deeds of trust, and "the lenders under the first and second deeds of trust [are] entirely separate entities," suits based on the second note are "wholly separate actions unaffected by the first lender's proceedings." *Resolution Trust Corp. v. Segel*, 173 Ariz. 42, 46, 839 P.2d 462, 466 (App. 1992) (internal quotations omitted). Thus, a junior beneficiary holding a deed of trust securing a non-purchase money mortgage is not prohibited from suing directly on the note by any anti-deficiency statute, even if the senior beneficiary has already foreclosed. *Id.*; *see also Southwest Sav. and Loan Ass'n v. Ludi*, 122 Ariz. 226, 594 P.2d 92 (1979) (action on a junior non-purchase mortgage after judicial foreclosure "is an action on an independent promissory note").Just as when

- 3 -

there is only one beneficiary, when the holder of a deed of trust sues directly on the note, the anti-deficiency statute only protects borrowers when the loan at issue represents "purchase money collateral encumbering the residential property." *Baker*, 160 Ariz. at 106. Limiting the coverage of the anti-deficiency statutes to purchase money obligations when a creditor foregoes its security and sues on the note comports with the Arizona Supreme Court's interpretation of the legislative purpose of the anti-deficiency statutes: a "desire to protect certain homeowners from the financial disaster of losing their homes to foreclosure plus all their other nonexempt property on execution of a judgment for the balance of the purchase price." *Baker*, 160 Ariz. at 101.

Therefore, "a decisive question in determining the rights of a creditor when a deed of trust is involved is whether the collateral secures a purchase-money or non-purchase-money obligation." *Bank One, Arizona, N.A. v. Beauvais*, 188 Ariz. 245, 249, 934 P.2d 809, 813 (App. 1997). Plaintiffs here state that they are suing on the note, and that the anti-deficiency statutes therefore offer no protection because the loan was not a purchase-money loan under Arizona state law. (Doc. 14 at 4). After claiming in their initial motion that the anti-deficiency statutes would offer protection even if the house in question were not their place of residence (Doc. 13 at 6), in their reply Defendants claim that the loan was in fact a purchase-money mortgage because the loan "was used to pay for, and build, Defendants' primary residence." (Doc. 15 at 3). Since this argument was raised for the first time in a reply brief, it need not be considered. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). In any event, whether or not Defendants lived in the house, or used the loan to construct it, are factual arguments not appropriate for a motion to dismiss. According to the complaint, Defendants are real estate developers, and the language of the various loan agreements contemplated Defendants' sale of the property. (Doc. 1 ¶¶2–4, 14–16). Taking the allegations of the complaint as true, it is plausible that the loan did not meet the standards set forth to qualify as a purchase money obligation under A.R.S. § 33-729(A). In fact, the loan may not even satisfy the more generous standards that protect loans secured by deeds of trust, even those that are not purchase money mortgages, set out under A.R.S. § 33-814.

*See Mid Kansas Federal Sav. and Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 129, 804 P.2d 1310, 1317 (1991) ("[R]esidential properties held by the mortgagor for construction and eventual *resale* as dwellings are not within the definition of properties 'limited to' and '*utilized* for' single-family dwellings") (emphasis in original). It would therefore be inappropriate to dismiss the case at this juncture.

## CONCLUSION

Whether or not Defendants are to be afforded the protections of the anti-deficiency statutes depends upon whether their loan qualifies as a purchase-money obligation under Arizona law. Taking the facts as alleged in the complaint as true, it was not a purchase-money obligation and they are afforded no such protection. Their motion to dismiss will therefore be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 13) is **denied**.

DATED this 19th day of January, 2012.

_____
G. Murray Snow
United States District Judge